IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| LOUIS J. FOLLINUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV04-554-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| GEROLD WOLFF, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the review of Plaintiff's Prisoner Civil Rights

Complaint (Complaint) to determine whether it is subject to summary dismissal

under 28 U.S.C. § 1915(e)(2).  Plaintiff also filed two Motions to Proceed *in

Forma Pauperis* (Docket Nos. 1 and 6) and a document entitled "Motion for

Summary Judgment" (Docket No. 3).

Having carefully reviewed the record, the Court has determined that

Plaintiff's Complaint fails to state a cognizable constitutional claim, and, therefore,

it is subject to dismissal.  Due to the dismissal of the Complaint, the Court will

deny Plaintiff's request for *in forma pauperis* filing status and the request for

**ORDER  1**

summary judgment.

# I.

# BACKGROUND

Plaintiff is an inmate in the custody of the Idaho Department of Correction (IDOC). He is currently incarcerated at the Idaho State Correctional Institution (ISCI). The Complaint names Gerold Wolff, a prosecutor for Canyon County, Idaho, as the sole Defendant in the lawsuit. Plaintiff alleges that Defendant Wolf used tainted evidence at Plaintiff's criminal trial in order to gain a conviction against him.

Plaintiff claims that Defendant introduced a taped telephone call, originating in Washington, at his criminal trial. The taped conversation was between Plaintiff and an informant for the DEA. The conversation involved Plaintiff's alleged purchase of chemicals used in manufacturing methamphetamine. Plaintiff asserts that he was wrongly convicted of manufacturing methamphetamine as a result of the taped conversation introduced at his trial.

# II.

# REVIEW OF COMPLAINT

The Court is required to review complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

**ORDER  2**

determine whether summary dismissal is appropriate.  28 U.S.C. § 1915.  The Court must dismiss a complaint or any portion thereof which states a claim that is frivolous or malicious, that fails to state a claim upon which relief can be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

The threshold question is whether this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), or, in other words, whether a favorable verdict here would necessarily imply the invalidity of Plaintiff's conviction.  In *Heck v. Humphrey*, the Supreme Court held that, where a favorable verdict in a civil rights action would necessarily imply the invalidity of a plaintiff's conviction, he must first prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Id.*  As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."  *Id*.

On the other hand, if "the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar

**ORDER  3**

to the suit." *Id.* at 487 (footnote omitted).

The Ninth Circuit has explained that *Heck* will apply to bar a claim if "a § 1983 plaintiff could prevail only by negating 'an element of the offense of which he has been convicted.'" *Cunningham v. Gates*, 312 F.3d 1148, 1153-54 (9th Cir. 2002) (citing *Heck*, 512 U.S. at 487 n.6).  However, in circumstances in which the conviction and the § 1983 claim do not arise from the same acts, *Heck* does not apply.  *Cunningham*, 312 F.3d at 1155.

Plaintiff's Complaint clearly seeks a reversal of his criminal sentence.  He claims that the taped conversation was "tainted evidence" and should not have been admitted at his trial.  He also clearly links the evidence with his criminal conviction.  Accordingly, he will not be allowed to proceed with a civil rights claim that amounts to a collateral attack on his criminal sentence.  He must proceed with the avenues outlined above in order to first challenge the conviction.  Therefore, the Complaint is dismissed without prejudice to re-filing it.

Based on the dismissal of the Complaint, the Court will deny Plaintiff's requests to proceed *in forma pauperis.*  The request for summary judgment is also denied based on the dismissal of the Complaint.


**ORDER**


**ORDER  4**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915 (e)(2)D).

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motions to Proceed *in Forma Pauperis* (Docket Nos. 1 and 6) are DENIED.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 3) is DENIED.

DATED:  **June 6, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**ORDER  5**